UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STEPHEN WINDSOR (#344886)

VERSUS                                          CIVIL ACTION

BURL CAIN, ET AL                                NUMBER 09-123-RET-SCR


## NOTICE

Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.   Failure to file written
objections to the proposed findings, conclusions and
recommendations within ten days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 6, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHEN WINDSOR (#344886)

VERSUS                                    CIVIL ACTION

BURL CAIN, ET AL                          NUMBER 09-123-RET-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Earl K. Long Hospital, Dr. Huffman and Dr. Tran.  Plaintiff alleged that he received inadequate medical treatment in violation of constitutional rights.  Plaintiff also alleged claims under state law.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of

facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666

2

(1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.   Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.   Earl K. Long Regional Medical Center is a state-operated general hospital in Baton Rouge, Louisiana.   LSA R.S. 40:2002.6.   Because the hospital is operated by, and is an alter ego of, the State of Louisiana, it is entitled to sovereign immunity under the Eleventh Amendment. *See Darlak v. Bobear*, 814 F.2d 1055, 1059-60 (5th Cir. 1987).

Plaintiff named Warden Cain and Secretary LeBlanc as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.   *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff alleged that on April 13, 2008, he experienced chest pain and numbness in his left arm.   Plaintiff alleged that he was transported to the treatment center where medical personnel conducted an EKG and took blood samples.   Plaintiff alleged that he was advised that he was experiencing acid reflux for which he was given medication.   Plaintiff was returned to his housing unit. Plaintiff alleged that he continued to experience discomfort and

declared himself a medical emergency.  Plaintiff alleged that he was examined by Dr. Huffman, who explained that she reviewed the EKG test results and it was her opinion that the plaintiff was experiencing acid reflux.  Plaintiff alleged that Dr. Huffman prescribed more medication and issued a medical duty status for no duty for four days.  Once again the plaintiff was returned to his housing unit.

Plaintiff alleged that after continuing to experience pain he declared himself a medical emergency again.  Plaintiff alleged that when he arrived at the treatment center medical personnel conducted a second EKG.  Plaintiff alleged that after reviewing the second EKG test results, Dr. Singh ordered the plaintiff transported to a public hospital.  Plaintiff was given an injection of pain medication and after an unreasonable delay he was transported to Earl K. Long Hospital in Baton Rouge, Louisiana.

Plaintiff alleged that approximately two days later he was transferred to University Hospital in New Orleans, Louisiana where he underwent a surgical procedure on a blocked artery.  Plaintiff alleged that he was advised by a treating physician that the obstruction in his artery could not be removed because of the delay in transporting him to the hospital.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285

(1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a Section 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*.  Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation.  *Varnado, supra*.

Plaintiff failed to allege any facts against Dr. Huffman or Dr. Tran which rise to the level of a constitutional violation.  Plaintiff's dissatisfaction with the medical evaluation and treatment rendered by Drs. Huffman and Tran is insufficient to state a claim of deliberate indifference to his serious medical needs.  Plaintiff did not allege that either doctor was personally responsible for transporting the plaintiff, or for the delay in getting the plaintiff to Earl K. Long Hospital.  However, the plaintiff should be granted an opportunity to amend the complaint to name as a defendant the persons or persons responsible for delaying his transfer to Earl K. Long Hospital and to allege facts sufficient to support a claim against him or them.

Because it is clear that the plaintiff's claims against the defendants have no arguable basis in fact or in law the claims against the current defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

Plaintiff sought to invoke the supplemental jurisdiction of

5

this court.   District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's claims against Warden Burl Cain, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Earl K. Long Hospital, Dr. Huffman and Dr. Tran be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i),(ii) and (iii), without prejudice to any state law claim.

It is further recommended that this action be dismissed unless the plaintiff amends the complaint within 20 days to identify and join as a defendant the person or persons responsible for delaying his transfer to Earl K. Long Hospital, and alleges facts sufficient to support a claim against him or them.

Baton Rouge, Louisiana, March 6, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE